# THE
# TEXAS LAW REPORTER

## AUSTIN, TEXAS, OCTOBER, 1883.

R. T WILLIAMSON, ET. AL., VS. O. C. O'CONNOR, ADMR., ET.AL.

SUPREME COURT, AUSTIN TERM, 1883.

*Trespass to try title.—Sale by joint owners—Partition—Presumption of—Executory contract.* Where joint owners sell land on a credit and each take notes any mortgages to secure his interest in the purchase money, the presumption is that the vendors thus intended to partition between them that which had before been common property.

The introduction of such notes and mortgages was admissible, as well as the deeds to the purchaser, for the purpose of showing that the sale was executory in character.

Appeal from Lamar County.

*Chas. D. Grace* for appellants.

*Hale & Scott Maxey, Lightfoot & Denton* for appellees.

### STATEMENT.

This is an action of trespass to try title, instituted by appellants May 28th, 1872, as the sole heirs of Isaac C. and Emily G. Williamson, deceased, against George W. Wright and Jesse L. Garrett for the recovery of 757 42-100 acres of land, patented to Williamson and Bowerman, assignees of Thomas Tolbott, January 27th, 1852, described by metes and bounds. Appellants (plaintiffs) filed their second amended petition October 3d, 1881, specifically alleging that Isaac C. Williamson died in 1847, and that soon thereafter Emily G. Williamson, his wife, was appointed and qualified as his administratrix; that during said administration the tract of land sued for was decreed to said estate by a decree of the District Court of Lamar county, in a suit by said administratrix against one A. Mittower, and that plaintiffs are now the legal and equitable owners of said land;

alleged that Emily G. Williamson is dead, that the administration was duly closed, prayed for rents, damages and costs.

Defendants (appellees) answered by first amended original answer and first supplemental answer, entering appearance of administrator and heirs of Geo. W. Wright, deceased, he having died since the institution of the suit, which pleas embrace a general denial, plea of not guilty, stale demand, statute of limitations of three years, five and ten years, improvements in good faith, and pray for costs and general relief.

Case tried by a jury and verdict and judgment for defendants (appellees) April 26th, 1882.

Appellants filed original motion for a new trial April 27, 1882. Amended motion on same day, and second amended motion May 3d, 1882. All of which motions were by the court overruled, and plaintiffs, by counsel, excepted and gave notice of appeal in open court.

Appeal bond and assignment of errors filed by appellants June 8th, 1882. Appellants filed nine assignments of error, all generl and none in compliance with the law or rules of the Supreme and District Courts. The first to sixth inclusive complain of the rulings of the court below in admitting evidence over objections af appellant's counsel; the seventh and eighth complain of the charges of the court given, and the ninth of the action of the court in overruling appellants' motion and amended motions for new trial. There is no fundamental error claimed to have been committed.

Opinion by Stayton, J.

It is not controverted that the land in controversy originally belonged to Isaac C. Bowerman who on the 29th, of Sept., 1840 conveyed the same with many other tracts of land to A. Mittower, and considering the time which has elapsed since that transaction the evidence shows with as much certainty as could be expected that Williamson and Bowerman by taking from Mittower notes and mortgages on the day of the sale of the land to each, respectively, to secure to each a certain portion of the purchase money which Mittower had agreed to pay, intended thus to partition between them that which had been common property between them until that time.

The introduction of the mortgages and notes executed by Mittower, the same in the execution being simultaneous with the conveyance from Williamson and Bowerman to him, was proper for the purpose

of showing the true character of the transaction and that the sale to Mittower was executory in character.

The deeds from Williamson and Bowerman to Mittower were admissible for the same purpose.

The deed from Wm. M. Williams as attorney in fact for A. Mittower and as administrator of the estate of Bowerman to George W. Wright, with the decree of the district court upon *certiorari* to the probate court, which practically confirmed the sale made by the administrator of the estate of Bowerman were, in connection with the evidence otherwise introduced properly admitted, and conveyed good title, unless the decree of the district court for Lamar county rendered on the 13th, of July 1848 in favor of the administratrix of the estate of Isaac C. Williamson against Mittower, in a suit to which neither Bowerman nor his representative were a party, passed title to the land to the estate of Williamson.

Whether it did so pass title or not depended upon whether the sale to Mittower by Williamson and Bowerman was absolute or executory in character.

If the latter, title could not pass by a decree in the suit to which neither Bowerman nor his representative was a party, at least unless there was a proposition by the party claiming under the decree to pay the purchase money or such payment.

We are of the opinion that the evidence showed with reasonable certainty that the sale to Mittower and the execution of notes and mortgages by him to Williamson and Bowerman respectively showed that the sale to Mittower was executory, and that it also showed that the administrator of Bowerman's estate elected to disavow the sale of the particular tract in controversy.

The evidence shows that the appellants had appropriated the part of the land not embraced in this suit which belonged to Williamson and Bowerman as assignees of Talbott and that the mortgages to each of them covered one half of the land by them so acquired.

There is no evidence showing that the notes executed by Mittower to Bowerman were ever paid.

The court among other things instructed the jury in effect that the decree in favor of the administratrix of Williamson's estate against Mittower, in connection with the other facts about which there was no controversy, would vest title to the land in controversy in the appellants, unless the mortgage given by Mittower to Bowerman of

the same date of the deed from Williamson and Bowerman was given in part of the purchase money of Bowerman's interest in the land in controversy and in other lands sold at the same time, and unless Mittower failed to pay the notes secured by the mortgage and Bowerman or his administrator by reason thereof repudiated said sale. If the mortgage was given to secure the purchase money of said land and of other lands then sold, and the notes thereby secured were not paid and the sale repudiated on account of such non-payment, by Bowerman or his representative, then Bowerman and those claiming under him are not effected by the aforesaid decree to which he was not a party. The decree here referred to is the decree in favor of Williamson's estate against Mittower.

The court also instructed the jury if the mortgage given to Bowerman by Mittower was not given to secure the purchase money for the land, but to to secure some other debt, that then the decree against Mittower in favor of the administratrix of Williamson's estate would pass title to the land and leave it subject only to sale under the mortgage in a suit in which Williamson's estate was represented.

The court also charged the jury as follows, viz : "If you believe from the evidence that the mortgage from A. Mittower to Joshua Bowerman was given to secure the purchase money of Bowerman's interest in the land in controversy, and other property sold at the same time, and that the notes secured thereby were not paid when due, and that Bowerman or his administrator repudiated the sale after default in payment of the notes, and that Bowerman's administrator conveyed the land to Geo. W. Wright by deed, and that such conveyance was subequently confirmed in a suit in the District Court of Lamar county, in which Bowerman's heirs and Wright were parties, you will find a verdict for defendants for one-half the land in suit and for plaintiffs for one-half. But if you find the other facts set forth in this paragraph, and in addition thereto you find that when Williamson & Bowerman sold the lands to Mittower and the mortgages were executed by Mittower to them, Bowerman by agreement with all parties took his mortgage upon the whole of the land in controversy, and Williamson took his upon the balance of the Thomas Talbott certificate or the land covered thereby, then you will find a verdict for defendants for all the land in controversy.

These charges taken all together presented the case to the jury as favorably as the appellants could ask under the evidence.

The other assignments of error have been considered but need not be particularly noticed in this opinion as those considered are the only ones that really effect the merits of the appeal, except in so far as others embrace the same matters. There being no error in the proceedings of the court below which would justify a reversal of the judgment it is affirmed.

Associate Justice West did not sit in this cause.